WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—September, 1883.

CARPENTER V. HISTORICAL SOCIETY.

*In the matter of the probate of the last will and testament of* THOMAS WRIGHT, *deceased.*

An *unincorporated* association, having power to take, under a will, a pecuniary legacy to be devoted to specified *pious uses,* has a right to intervene by attorney upon, and become a party to, the proceedings for probate.

BY a codicil to the will of decedent, he bequeathed " to the Historical Society of the County of Westchester, of which James Wood is now president, the sum of one hundred dollars, to be used and applied to procuring and placing a suitable monument, to mark the spot where the soldiers, during the Revolution, were buried, at or near St. Mark's Church, in the town of Newcastle." The Society was also made a contingent devisee. Francis M. Carpenter, the executor, propounded both will and codicil for probate. On the return of the citation, some of

the heirs-at-law and next of kin filed objections against both; and the Historical Society, by attorney, asked leave to appear in support of the codicil. The executor and St. Mark's Church objected that the Society was not legally incorporated, and could not, therefore, intervene and be permitted to become a party to the proceeding, inasmuch as it had no capacity to take as legatee or devisee.

R. S. HART, *for executor.*

R. HART, *for St. Mark's Church, legatee and devisee.*

M. G. HART, *for Historical Society.*

THE SURROGATE.—The bequest of the $100 to the Historical Society was for a pious use, and, therefore, it is immaterial whether the Society is a legal corporation or not, as, without being incorporated, it was competent to take for such a purpose (Potter v. Chapin, *6 Paige, 639;* De Witt v. Chandler, *11 Abb. Pr., 459;* Owens v. Missionary Soc., *14 N. Y., 380*). Hence, the Society has a right to intervene and become a party to the probate proceeding as a legatee named in the codicil. It is unnecessary, therefore, to determine now the question discussed as to whether it is incorporated so as to be competent to take under the contingent devise contained in the codicil. The objection is, therefore, overruled.

Ordered accordingly.